IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE BANK OF NEW YORK MELLON,

    Plaintiff,                        No. 2:12-cv-00435 KJM KJN PS

    v.

MARIA FLORES and DOES 1-10, Inclusive,

    Defendants.                <u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

_____/

        On February 21, 2012, defendant, who is proceeding without counsel, removed this single-claim unlawful detainer action from the Superior Court of California for the County of Sacramento ("Superior Court") to this court.[1]  Presently before the court is defendant's application to proceed in forma pauperis (Dkt. No. 2).  For the reasons stated below, the undersigned grants defendant's application to proceed in forma pauperis, but recommends that this action be remanded to the Superior Court because this court lacks federal subject matter jurisdiction over plaintiff's claim for relief.

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

I. <u>Defendant's Application to Proceed In Forma Pauperis</u>

Defendant has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Her application and declaration make the showing required by 28 U.S.C. §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants defendant's request to proceed in forma pauperis.

II. <u>Screening and Remand for Lack of Subject Matter</u>

The determination that a party may proceed in forma pauperis does not complete the inquiry. The court is also required to screen cases filed by parties proceeding in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant. Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists. <u>See</u> <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); <u>accord</u> <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a removed case if it lacks jurisdiction over the matter. <u>Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192 (9th Cir. 2003); <u>accord</u> <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 159 F.3d 1209, 1211 (9th Cir. 1998); <u>see also</u> 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

////

////

A.    <u>Background</u>

On July 11, 2011, plaintiff filed a complaint in the Superior Court entitled "Complaint For Unlawful Detainer"[2] ("Complaint"), seeking to recover possession of the property at issue that is located in Sacramento, California. (Compl. ¶¶ 2, 9, attached as Ex. A to Notice of Removal, Dkt. No. 1; <u>see also</u> Notice of Removal at 1-2.) The Complaint alleges that plaintiff lawfully purchased the subject property pursuant to a trustee's sale and that plaintiff is entitled, as owner of the property, to immediate possession of the property. (Compl. ¶¶ 5-6.) It further alleges that on June 14, 2011, plaintiff provided defendant, who allegedly continued to live at the property at the time the Complaint was filed, with notice to vacate the premises and deliver possession of the property within three days. (<u>Id.</u> ¶¶ 4, 7 & Ex. 2.) Plaintiff alleges that the defendant failed to vacate and deliver possession. (<u>Id.</u> ¶¶ 8-9.) Through this action, plaintiff seeks: (1) restitution of the subject property, (2) damages at a rate of $50 for each day that defendant unlawfully remains in possession of the property, from the date of the expiration of the notice to quit through judgment; and (3) costs. (Compl. at 3.)

Defendant contends that she demurred to the Complaint while the action was in the Superior Court, and attached her purported demurrer to the Notice of Removal. (Notice of Removal, Ex. B.) There is no indication that the demurrer was actually filed in the Superior Court. However, defendant asserts that the Superior Court overruled the demurrer. In any event, the status of the demurrer in the Superior Court has no material impact on this court's post-removal review of subject matter jurisdiction.

On February 21, 2012, defendant removed the unlawful detainer action to this court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that this court has subject matter jurisdiction over plaintiff's claim pursuant to 28 U.S.C § 1331. (<u>See</u> Notice of Removal at 2-3.) Specifically, defendant asserts that this court has federal question jurisdiction as a result of

---

[2] The caption of the Complaint states that the case was filed as a "Limited Civil Case" with a "Demand Under $10,000." (Compl. at 1.)

3

1  plaintiff's alleged failure to comply with the 90-day notice requirement of the Protecting Tenants

2  at Foreclosure Act of 2009, 12 U.S.C. § 5220.[3]  (Notice of Removal ¶ 8-9.)

3      B.    <u>Legal Standards Governing Removal</u>

4          In relevant part, the federal removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."
<u>Provincial Gov't of Marinduque v. Placer Dome, Inc.</u>, 582 F.3d 1083, 1087 (9th Cir. 2009), <u>cert. denied</u>, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal jurisdiction," <u>id.</u>, and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance'" <u>Geographic Expeditions, Inc. v. Estate of Lhotka</u>, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

    C.    <u>Discussion</u>

        As noted above, defendant removed this action to federal court on the basis of this court's federal question jurisdiction.  For the reasons that follow, the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's claim.

        District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" <u>Republican Party of Guam v. Gutierrez</u>, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original)

---

[3] Defendant also asserts that this court has supplemental jurisdiction over plaintiff's remaining claims pursuant to 28 U.S.C. § 1367. (Notice of Removal ¶ 6.)  However, the Complaint only states one claim for relief.

(citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

Defendant asserts in her Notice of Removal that this court has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009) (the "Act"). (See Notice of Removal ¶¶ 6, 8-10.) Insofar as defendant's argument is concerned, the Act provides protections to tenants who reside in properties subject to

5

foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

      Federal courts have rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished). This rejection of asserted jurisdiction is based on the fact that such an argument is an attempt to premise this court's subject matter jurisdiction on a defense or a counterclaim, which cannot establish a federal question because such a defense or counterclaim does not appear on the face of the complaint.[4] See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.") (citation and quotation marks omitted); Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction); accord Ignacio, 2010 WL 2696702, at *2.

---

[4] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts. Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished) (citing Fannie Mae v. Lemere, No. S-10-1474 MCE GGH PS, 2010 WL 2696697, at *2 (E.D. Cal. July 6, 2010) (unpublished) (citing Nativi v. Deutsche Bank Nat'l Trust, No. 09-06096 PVT, 2010 WL 2179885 (N.D.Cal. 2010) (unpublished))); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

In short, no federal question is present on the face of plaintiff's Complaint. Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

IV.  CONCLUSION

As stated above, IT IS HEREBY ORDERED that defendant's application to proceed in forma pauperis (Dkt. No. 2) is granted.

For the reasons stated above, IT IS FURTHER RECOMMENDED that:

1. This case be remanded to the Superior Court of California for the County of Sacramento; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED:  March 6, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE