IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE BANK OF NEW YORK MELLON,

     Plaintiff,                       No. 2:12-cv-00435 KJM KJN PS

     v.

MARIA FLORES and DOES 1-10, Inclusive,

     Defendants.              ORDER AND FINDINGS AND
                                           RECOMMENDATIONS

_____/

        On February 21, 2012, defendant, who is proceeding without counsel and informa pauperis, removed this single-claim unlawful detainer case from the Superior Court of California for the County of Sacramento ("Superior Court") to this court, asserting that this court can exercise federal question jurisdiction over plaintiff's claim.[1]  On March 7, 2012, the undersigned filed findings and recommendations that recommended the remand of this case to the Superior Court on the grounds that this court lacked federal subject matter jurisdiction over plaintiff's single unlawful detainer claim.  (See Order and Findings and Recommendations, Mar. 7, 2012, Dkt. No. 4.)  Before the district judge assigned to this case could rule on the undersigned's

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

recommendations, defendant asserted a new basis for subject matter jurisdiction, diversity jurisdiction, in an "Amended Notice of Removal" (Dkt. No. 5), and plaintiff appeared in the action and filed a motion to remand (Dkt. No. 7).  Presently before the court is plaintiff's motion to remand this matter to the Superior Court for lack of federal subject matter jurisdiction.[2] Defendant filed a written opposition (Dkt. No. 20) that only addresses a purported motion to dismiss her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)—defendant did not file a "complaint" in this case, and more importantly, no such motion to dismiss is on file in this case.

Because defendant has asserted a second basis for this court's subject matter jurisdiction, the undersigned vacates the previously filed recommendation to remand this case for want of federal question jurisdiction; addresses plaintiff's motion to remand, addressing both of defendant's asserted bases for subject matter jurisdiction; and recommends that this case be remanded to the Superior Court for lack of subject matter jurisdiction and violation of the "forum defendant rule."  The undersigned further recommends that this case be closed.[3]

I.     BACKGROUND

On July 11, 2011, plaintiff filed a complaint in the Superior Court entitled "Complaint For Unlawful Detainer"[4] ("Complaint"), seeking to recover possession of the property at issue that is located in Sacramento, California.  (Compl. ¶¶ 2, 9, attached as Ex. A to

---

[2] Because oral argument would not materially aid the resolution of the pending motion, this matter was submitted on the briefs and record without a hearing (Dkt. No. 21).  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).

[3] The undersigned notes that plaintiff appears to have copied verbatim much of the undersigned's previously filed Order and Findings and Recommendations into its motion to remand, without attribution or quotation marks.  (Compare Mot. to Remand at 1-7, with Order and Findings and Recommendations, Mar. 7, 2012, at 2-6.)  Plaintiff's counsel should reconsider the questionable practice of copying and pasting several pages of a court order into his brief and then passing the court's work off as his own.

[4] The caption of the Complaint states that the case was filed as a "Limited Civil Case" with a "Demand Under $10,000."  (Compl. at 1.)

2

1  Notice of Removal, Dkt. No. 1; see also Notice of Removal at 1-2.)  The Complaint alleges that
2  plaintiff lawfully purchased the subject property pursuant to a trustee's sale and that plaintiff is
3  entitled, as owner of the property, to immediate possession of the property.  (Compl. ¶¶ 5-6.)  It
4  further alleges that on June 14, 2011, plaintiff provided defendant, who allegedly continued to
5  live at the property at the time the Complaint was filed, with notice to vacate the premises and
6  deliver possession of the property within three days.  (Id. ¶¶ 4, 7 & Ex. 2.)  Plaintiff alleges that
7  the defendant failed to vacate and deliver possession.  (Id. ¶¶ 8-9.)  Through this action, plaintiff
8  seeks: (1) restitution of the subject property, (2) damages at a rate of $50 for each day that
9  defendant unlawfully remains in possession of the property, from the date of the expiration of the
10 notice to quit through judgment; and (3) costs.  (Compl. at 3.)

11         In her original Notice of Removal, defendant contended that she demurred to the
12 Complaint while the action was in the Superior Court, and attached her purported demurrer to the
13 Notice of Removal.  (Notice of Removal ¶¶ 1, 8-9, Ex. B.)  There is no indication that the
14 demurrer was actually filed in the Superior Court, but defendant asserted that the Superior Court
15 overruled the demurrer.  (Id. ¶ 9.)  However, in her Amended Notice of Removal, defendant now
16 represents that she "did not respond to the complaint in state court."  (Am. Notice of Removal
17 ¶ 3.)  It is unclear to the court whether defendant's Notice of Removal or Amended Notice of
18 Removal contains a misrepresentation.  In any event, however, the status of any demurrer filed in
19 the Superior Court has no material impact on this court's post-removal review of subject matter
20 jurisdiction.

21         On February 21, 2012, defendant removed the unlawful detainer action to this
22 court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that this court has subject matter
23 jurisdiction over plaintiff's claim pursuant to 28 U.S.C § 1331.  (See Notice of Removal at 2-3.)
24 Specifically, defendant asserted that this court could exercise federal question jurisdiction as a
25 result of plaintiff's alleged failure to comply with the 90-day notice requirement of the Protecting
26 ////

3

Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5220.[5]  (Notice of Removal ¶ 8-9.)

As stated above, the undersigned recommended the remand of this case to the Superior Court on the ground that the court cannot exercise federal question jurisdiction over plaintiff's single unlawful detainer claim, regardless of a defense premised on the Protecting Tenants at Foreclosure Act of 2009.  (See Order and Findings and Recommendations, Mar. 7, 2012, at 4-7.)  On March 14, 2012, defendant filed her Amended Notice of Removal, which no longer asserts that this court can exercise federal question jurisdiction, but now asserts that the court can exercise diversity jurisdiction over plaintiff's claim.  (See Am. Notice of Removal ¶¶ 4-6.)  On March 16, 2012, defendant filed an Amended Answer and Counterclaim (Dkt. No. 6).

## II.   LEGAL STANDARDS GOVERNING REMOVAL

In relevant part, the federal removal statute provides:

> **(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> **(b) Removal based on diversity of citizenship.**--(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
>    **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a)-(b).  "The defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th

---

[5] Defendant also asserted that this court has supplemental jurisdiction over plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.  (Notice of Removal ¶ 6.)  However, the Complaint only states one claim for relief.

4

1  Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed against
2  removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to
3  the right of removal in the first instance'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599
4  F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)
5  (per curiam)).

III.   DISCUSSION

As noted above, defendant originally removed this action to federal court on the basis of this court's federal question jurisdiction, but later asserted that her removal was premised on the court's diversity jurisdiction. For the reasons that follow, the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's claim.[6] Additionally, the undersigned concludes that any removal premised on diversity jurisdiction also violated the "forum defendant rule" provided in 28 U.S.C. § 1441(b)(2).

A.   Removal Premised on Federal Question Jurisdiction

In her Amended Notice of Removal, defendant abandoned her assertion that this court has subject matter jurisdiction over plaintiff's unlawful detainer claim on the basis of federal question jurisdiction, as provided in 28 U.S.C. § 1331. Nevertheless, because of defendant's shifting positions in this case, the court restates its reasons for rejecting defendant's argument premised on federal question jurisdiction.

District courts have federal question jurisdiction over "all civil actions that arise

---

[6] A federal court has an independent duty to assess whether federal subject matter jurisdiction exists. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a removed case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003); accord Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

5

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

      Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

      Defendant asserted in her original Notice of Removal that this court had subject

1  matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the
2  premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No.
3  111-22, § 702, 123 Stat. 1660 (2009) (the "Act").  (See Notice of Removal ¶¶ 6, 8-10.)  Insofar
4  as defendant's apparently abandoned argument is concerned, the Act provides protections to
5  tenants who reside in properties subject to foreclosure, including the requirement that a 90-day
6  notice to vacate be given to bona fide tenants.  See SD Coastline LP v. Buck, No. 10CV2108
7  MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

8        Federal courts have consistently rejected attempts to premise federal subject
9  matter jurisdiction on the 90-day notice provision provided in the Act.  See, e.g., Parkland Sec.,
10 Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18,
11 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished);
12 Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D.
13 Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan
14 Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29,
15 2010) (unpublished).  Such rejection is based on the fact that an argument relying on the Act's
16 notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a
17 counterclaim.  An anticipated defense or counterclaim cannot establish a federal question
18 because such a defense or counterclaim does not appear on the face of the complaint.[7]  See
19 Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot
20 "rest upon an actual or anticipated counterclaim"); accord Takeda v. Nw. Nat'l Life Ins Co., 765
21 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir.
22 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court,

---

[7] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction).[8]

As the court previously concluded, no federal question is present on the face of plaintiff's Complaint. Accordingly, to the extent that defendant still asserts that this court can exercise federal question jurisdiction, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

B.   Removal Premised on Diversity Jurisdiction

Defendant's Amended Notice of Removal asserts that this court can exercise diversity jurisdiction over plaintiff's claim. Even assuming that defendant's Amended Notice of Removal timely asserted diversity jurisdiction as the basis for removal, the undersigned concludes that defendant's removal premised on the diversity statute was improper for at least two reasons. First, defendant's removal was improper because it violated the "forum defendant rule." Second, defendant failed to meet her burden to show that the amount in controversy exceeds the jurisdictional threshold.

1.   The Forum Defendant Rule

Plaintiff argues that defendant's removal premised on diversity jurisdiction was improper because defendant, who is a citizen of California, removed this case to a federal court located in California. Accordingly, plaintiff argues that defendant's removal violated the "forum defendant rule."

Pursuant to 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] . . . may not be removed if any of the

---

[8] Defendants post-removal counterclaim cannot serve as a basis for this court's exercise of federal question jurisdiction.

parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Ninth Circuit Court of Appeals has characterized this prohibition on removal as the "forum defendant rule," and has held that pursuant to this rule, "the presence of a local defendant at the time removal is sought bars removal." Spencer v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004); accord Lively v. Wild Oats Market, Inc., 456 F.3d 933, 939 (9th Cir. 2006).

Here, defendant represents that she is a citizen and resident of California. (Am. Notice of Removal ¶ 4(b).) Of course, the U.S. District Court for the Eastern District of California is a court located in California. Thus, defendant was a local defendant at the time of removal, who removed this case to a federal court located in California. Defendant's removal thus violated the forum defendant rule and was improper.[9] Accordingly, the undersigned recommends that this case be remanded as improperly removed.

2. Amount In Controversy

Additionally, the undersigned recommends that this case be remanded for lack of diversity jurisdiction because defendant has not demonstrated that the amount in controversy exceeds the jurisdictional threshold. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and, relevant here, the action is between "citizens of different States." 28 U.S.C. § 1332(a); see also Geographic Expeditions, Inc., 599 F.3d at 1106.

Generally, in an action where subject matter jurisdiction is premised on the diversity statute, there must be complete diversity of the parties, which means that all of the plaintiffs have a different state of citizenship than all of the defendants. See, e.g., Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008). Here, defendant alleges that she is a

---

[9] The undersigned notes that a violation of the forum defendant rule is "a waivable non-jurisdictional defect subject to the 30-day time limit imposed by [28 U.S.C.] § 1447(c)." Lively, 456 F.3d at 942. Here, plaintiff filed its motion to remand asserting the forum defendant rule on March 21, 2012, which was within 30 days of the date of removal.

9

citizen of California and that plaintiff is a citizen of New York.  (Am. Notice of Removal ¶ 4.)  Plaintiff does not contest defendant's characterization of the parties' citizenship.  Accordingly, the citizenship of the parties is diverse.

However, this court lacks diversity jurisdiction over this case because defendant failed to demonstrate that the amount in controversy exceeds $75,000.  When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met.  See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007).

Here, the face of the Complaint unequivocally states that the amount of damages demanded is "UNDER $10,000," which is well below the jurisdictional minimum.  (Compl. at 1.)  Additionally, plaintiff filed this unlawful detainer action as a "LIMITED CIVIL CASE" (id.), which necessarily means that the "whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less."  Cal. Civ. Proc. Code § 86(a)(4).  Defendant has not presented any facts suggesting, let alone proving to a legal certainty, that the amount in controversy exceeds $75,000.

Instead, defendant contends that the amount in controversy exceeds the jurisdictional threshold because her counterclaim requests "damages in excess of $75,000.00."  (Am. Notice of Removal ¶ 5.)  Defendant has cited no authorities permitting or requiring the court to consider the amount sought in a removing defendant's counterclaim in determining whether the amount in controversy exceeds the jurisdictional minimum.  The undersigned agrees with the majority view, also described as the "near unanimous rule," that in the context of cases removed to federal court on the basis of diversity jurisdiction, the amount of the removing defendant's potential recovery on his or her counterclaims is not considered in calculating the amount in controversy where the plaintiff's claimed damages, by themselves, are below the jurisdictional minimum.  See, e.g., Bryant, 2009 WL 3787195, at *4 n.5 (collecting cases); Franklin v. Car Fin. Servs., Inc., No. 09cv1361-LAB (AJB), 2009 WL 3762687, at *2-3 (S.D.

10

Cal. Nov. 9, 2009) (unpublished) (collecting cases). This majority rule is further supported by the strict construction of the removal statute against removal. Accordingly, defendant's counterclaims do not provide a basis for concluding that the amount in controversy exceeds $75,000, and the undersigned recommends that this case be remanded to the Superior Court for the additional reason that this court lacks diversity jurisdiction.

IV. CONCLUSION

As stated above, IT IS HEREBY ORDERED that the recommendation portion of the Order and Findings and Recommendations filed on March 7, 2012 (Dkt. No. 4) is vacated.

For the reasons stated above, IT IS FURTHER RECOMMENDED that:

1. Plaintiff's motion to remand (Dkt. No. 7) be granted;

2. This case be remanded to the Superior Court of California for the County of Sacramento; and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d).

////
////
////
////
////
////

Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED: June 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE